UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| PATRICK YARN MILL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PUREPLAY LLC D/B/A PLAYBACK CLOTHING, PLAYBACK LLC, and ADAM SISKIND,<br><br>    Defendants. | Case No. 1:13-cv-280-MR |

## CONSENT JUDGMENT AS TO DEFENDANTS PUREPLAY LLC D/B/A PLAYBACK CLOTHING, PLAYBACK LLC, AND ADAM SISKIND

Plaintiff, Patrick Yarn Mill, Inc. ("Patrick Yarn"), filed a complaint in this action against Pureplay LLC d/b/a Playback Clothing, Playback LLC, and Adam Siskind (an individual), (collectively "Defendants") alleging that the Defendants' use of certain trademarks constitutes infringement of Patrick Yarn's registered and common law rights in those marks along with other causes of action. Defendants have not answered but have approached Patrick Yarn directly to resolve this matter. Therefore, in order to resolve all of the issues between Patrick Yarn and Defendants in this litigation, the parties agree upon the entry of this Consent Judgment.

NOW, THEREFORE, with the consent of Patrick Yarn and Defendants, as reflected by their signatures below,

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over Patrick Yarn and Defendants and the subject matter of this action, and venue is proper in this Court.

2. Patrick Yarn is the owner of federal trademark registrations for the marks EARTHSPUN (U.S. Registration Nos. 3,679,732; 3,729,897; and 2,005,161) for use with goods in International Classes 22, 23, and 25; WATER BOTTLE BLUE (U.S. Registration No. 4,330,964) for use with goods in International Classes 22, 23, and 25; BEER BOTTLE BROWN (U.S. Registration No. 4,295,745) for use with goods in International Classes 22, 23, and 25; X-RAY GREY (U.S. Registration No. 4,367,115) for use with goods in International Classes 22, and 23; and is the owner of a federal trademark application for the mark SODA POP GREEN (U.S. Trademark Appl'n No. 85/681,150) for use with goods in International Classes 22, 23, and 25. Patrick Yarn claims ownership of all common law rights to the foregoing marks in connection with goods in International Classes 22, 23, and 25. The foregoing marks are referred to herein as the "Patrick Yarn Marks."

3. The Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Consent Judgment by personal service or otherwise, are hereby prohibited and permanently enjoined from any unauthorized use of the Patrick Yarn Marks or any colorable imitation thereof, including, but not limited to, any and all uses of the Patrick Yarn Marks or any colorable imitation thereof on any signage, websites, social media sites, online materials, advertisements, promotional materials, brochures, business cards, clothing products, product packaging, product labels, product displays, any other written materials, and media of any kind.

4. Defendants shall not, anywhere in the United States, directly or indirectly, engage in the business of manufacturing, importing, distributing, or selling yarns, fabrics, textiles, and/or apparel manufactured in whole or in part from recycled sources for a period of two (2) years from the date of entry of this Consent Judgment.

5. Defendants shall deliver to Patrick Yarn's attorneys any and all inventory of goods marked with any of the Patrick Yarn Marks by no later than April 30, 2014. Defendants are responsible for all shipping fees.

6. Any remaining claims of Patrick Yarn are hereby dismissed with prejudice.

7. Patrick Yarn and its assigns, employees, agents, and licensees hereby release and discharge Defendants, and their members, managers, officers, directors, employees, agents, attorneys, shareholders, representatives, parent companies, subsidiaries, affiliated companies, predecessors, successors, and assigns, of and from any charges, claims, complaints, demands, liabilities, causes of action, losses, costs or expenses (including attorneys' fees and costs), that Patrick Yarn now has, or might have had against Defendants relating to any and all matters, facts, or circumstances arising prior to and including up to the date this Consent Judgment is entered by the Court, including and without limitation, the claims brought in the complaint filed in this action, whether the matters, facts, and circumstances are known or unknown, by reason of any act, omission, transaction or event arising out of the transaction and occurrences that are the subject of this action. Nothing contained in this paragraph is intended or shall be construed as a release of the obligations in this Consent Judgment.

8. Defendants and their assigns, employees, agents, and licensees hereby irrevocably and unconditionally release and forever discharge Patrick Yarn, and its members, managers,

officers, directors, employees, agents, attorneys, shareholders, representatives, parent companies, subsidiaries, affiliated companies, predecessors, successors, and assigns, of and from any charges, claims, complaints, demands, liabilities, causes of action, losses, costs or expenses (including attorneys' fees and costs), that Defendants may have, now have, or might have had against Patrick Yarn relating to any and all matters, facts, or circumstances arising prior to and including up to the date this Consent Judgment is entered by the Court, including and without limitation, any counterclaims that could have been brought in response to the complaint filed in this action, whether the matters, facts, and circumstances are known or unknown, by reason of any act, omission, transaction or event arising out of the transaction and occurrences that are the subject of this action. Nothing contained in this paragraph is intended or shall be construed as a release of the obligations in this Consent Judgment.

9. This Court shall retain jurisdiction over enforcement of this injunction set forth in this Consent Judgment and any action at law or in equity seeking relief regarding an act or acts alleged to be in violation of this Consent Judgment.

10. If any action at law or in equity is brought to enforce or interpret the terms of this Consent Judgment, the prevailing party shall be entitled to recover from the other party its reasonable attorneys' fees, costs, and disbursements in connection with such action.

11. The parties have discussed the fact that Patrick Yarn will suffer substantial damages if Defendants, individually or collectively, fail to perform their obligations herein and Defendants acknowledge that strict performance of their obligations set forth herein are essential to Patrick Yarn's decision to enter this Consent Judgment. The parties acknowledge that if Defendants, individually or collectively, fail to fulfill their obligations in accordance with this

Consent Judgment, it would be extremely difficult and impracticable to ascertain with certainty the amount of damages that would be suffered by Patrick Yarn. Accordingly, the parties agree that a reasonable estimate of Patrick Yarn's damages is $100,000 if Defendants, individually or collectively, fail to perform their obligations under this Consent Judgment. It is further agreed that, in the event of the failure of Defendants, individually or collectively, to perform their obligations under this agreement, Defendants shall be independently and severally liable for such estimated damages of Patrick Yarn in the amount of $100,000, not including any reasonable attorney's fees, and any other damages arising from any further claims unrelated to the terms of this Consent Judgment.

12. Patrick Yarn and Defendants waive their right to an appeal from or to otherwise contest this Consent Judgment. The parties consent to entry of this Consent Judgment as the final judgment pursuant to Rule 58, FED. R. CIV. P., which may be entered without further notice to Patrick Yarn or the Defendants.

Respectfully submitted this the 22nd day of April, 2014.

/s/ Jacob S. Wharton
Jacob S. Wharton (N.C. State Bar No. 37421)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
*Attorneys for Plaintiff Patrick Yarn Mill, Inc.*
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 747-6609
Fax: (336) 726-6985
jwharton@wcsr.com

_____
Adam Siskind
Title: Owner
Pureplay LLC d/b/a Playback Clothing

_____
Adam Siskind
Title: Owner
Playback LLC

_____
Adam Siskind
For and on behalf of himself individually

The court directs entry of this final judgment as there is no just reason for delay.

IT IS SO ORDERED this the 15 day of May, 2014.

_____
The Honorable Martin Reidinger
United States District Court Judge

WCSR 31408544v6